Appeal by Midwest Haulers, Inc., from an award of compensation made by the Workmen’s Compensation Board to claimant under section 56 of the Workmen’s Compensation Law. Appellant was engaged in the business of trucking freight from Buffalo, N. Y., to points west. Claimant was a truck driver. The board has found that appellant was a general contractor, and that one John Spring was a subcontractor engaged to haul freight in his own trucks; and also that claimant was an employee of the latter. Enroute to Dayton, Ohio, claimant was injured in an accident. Neither appellant nor Spring was insured. Liability against appellant was found under section 56 of the Workmen’s Compensation Law. Only issues of fact were involved as .to the foregoing and there was evidence to sustain the findings of the board as to such issues. Appellant also makes a point that the board had no jurisdiction because the work involved interstate commerce. It does not appear that the United States acting through Congress has entered the field and hence the board had jurisdiction. (Matter of Etters v. Trailways of New England, Inc., 266 App. Div. 929.) Award, affirmed, with costs to the Workmen’s Compensation Board. Hill, P. J., Heffernan, Foster and Russell, JJ., concur; Brewster, J., taking no part.